IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCUS FIELDS                                                PLAINTIFF

                  v.                            Civil No. 11-2091

TIMOTHY C. SHARUM, Public
Defender; DETECTIVE KRIS DEASON,
Fort Smith Police Department; JUDITH
HANSEN, Editor, Times Record; and
CIRCUIT COURT JUDGE J. MICHAEL
FITZHUGH                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se*. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is my recommendation that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

## Background

According to the allegations of the complaint, Fields was arrested on a sexual assault charge in January of 2010. He indicated he would not take a plea offer and wanted to go to trial.

Fields asserts that the prosecution keeps coming up with witnesses to events that were between eleven and twenty-two years ago. He states he has now been told there is no statute of limitations.

Fields maintains his public defender, Timothy C. Sharum, will not investigate despite the fact that Fields has told him that he has witnesses that will prove his innocence. Fields indicates his bond has been established at $100,000 in violation of the Eighth Amendment.

Fields asserts that his attorney has told Fields' mother that he will get life. Fields also

maintains his attorney tells everyone about the case without his written consent. Fields has asked for a different attorney but his requests have been refused by Judge Fitzhugh.

With respect to Detective Kris Deason, Fields' states she has told the Judge that Fields is guilty. He maintains Judge Fitzhugh has allowed witnesses to testify who have committed perjury.

With respect to Judith Hansen, the Editor, of the Times Record, Fields argues the paper has printed information from his cases twenty-two years ago and untruthfully stated he had been convicted of rape.

As relief, Fields as for reimbursement for the money he has spent. He also asks that the criminal charges be dropped.

## Discussion

Fields is an inmate of the Sebastian County Detention Center. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous, or malicious, or against indivduals immune from suit and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also* 28 U.S.C. § 1915A(b)(On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he only receives funds into his inmate account from his Mother. He has no other assets. The records from the detention center show his monthly balance averaged about thirty-nine ($130.00) dollars. The information supplied by Fields appears to be sufficient to determine that he would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. First, to state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, no claim is stated against Detective Deason. Witnesses at criminal proceedings are entitled to absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Third, the claims against Judith Hansen, the Editor of the Times Record, are subject to dismissal. Actions by reporters, journalists, or newspapers in publishing or airing a news story do not constitute the requisite "state action" to support a § 1983 claim. *See e.g., Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000)(*citing, Rielly v. Barkley,* 1992 WL 390282 (E.D.N.Y. 1992); *Skinner v. Dwyer,* 1992 WL 265995 at *2 (N.D.N.Y.1992) ("section 1983 may not be used when it

is alleged that a purely private defendant has deprived someone of a constitutional right ... A newspaper does not act under color of law when it publishes information received from police or other state officials."); *Fitzpatrick v. Wert,* 432 F. Supp. 601, 603 (W.D.N.Y.1977) (journalists "cannot be held liable under 42 U.S.C. §§ 1983 or 1985 for doing that which is their constitutionally protected right as newsmen")).

"Additionally, regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000)(*citing, Paul v. Davis,* 424 U.S. 693, 699-701 (1976)). In *Davis,* an alleged defamation was held not to injure a property or liberty interest protected by the United States Constitution. *Idema,* 120 F. Supp. 2d at 371.

Fourth, Judge Fitzhugh is immune from suit under § 1983.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

## Conclusion

I therefore recommend the case be dismissed on the grounds the claims are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).  The dismissal of this case will count as a strike under 28 U.S.C. § 1915(g). **If this report and recommendation is adopted, the Clerk should be directed to place a § 1915(g) strike flag on the case**.

**Fields has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Fields is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of July 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE